**TESSER | GROSSMAN LLP**
11990 San Vicente Boulevard, Suite 300
Los Angeles, California 90049
Telephone: (310) 207-4558
BRANDON M. TESSER (SBN 168476)
brandon@tessergrossman.com
ROBERT PAREDES (SBN 255329)
robert@tessergrossman.com
Attorneys for Plaintiff,
KENNY NOLAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY NOLAN, an individual,<br><br>        Plaintiff,<br>    vs.<br><br>43 NORTH BROADWAY, LLC; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.: 2:23-cv-3379<br><br>**COMPLAINT FOR**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br>2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT; and**<br>3. **VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**JURY DEMAND** |

Plaintiff Kenny Nolan ("Nolan") alleges as follows:

**COMPLAINT**
- 1 -

# I

# JURISDICTION

1. This Court has original subject matter jurisdiction over this action because it arises under the laws of the United States, 28 U.S.C. § 1331, more particularly, because it arises under an Act of Congress relating to copyrights, 28 U.S.C. § 1338, namely, the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*

# II

# VENUE

2. This Court has personal jurisdiction over defendant 43 North Broadway, LLC ("Defendant") because the events giving rise to this claim occurred in the Central District of California and because Defendant purposefully directed sales, distributions, or digital transmissions of Nolan's recordings, including the infringing works to citizens in California.

3. Venue is also proper in this district under 28 U.S.C. §§ 1391(b)(1) and 1400(a) because Defendant or its agents reside or may be found in this judicial district; and also under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred within this district.

# III

# PARTIES

4. Nolan is a singer-songwriter with a career spanning over three decades. In addition to writing and recording his own top ten Billboard hits such as "I Like Dreamin'," Nolan has written and co-written numerous hits for other artists including Frankie Vallie's "My Eyes Adored You" and Labelle's "Lady Marmalade," which not only replaced "My Eyes Adored You" as the

1  number one on the Billboard Hot 100, but which was also covered by several
2  noted artists and has been selected for preservation in the National Recording
3  Registry for being "culturally, historically, or artistically significant."

4      5.     Defendant "is a global rights management company focused on
5  acquiring iconic heritage entertainment-based intellectual property assets
6  including master recordings, music copyrights and songwriter royalties.
7  [Defendant] has acquired over 100,000 copyrights since its founding, including
8  but not limited to the labels: [Fuel], Metromedia Records, Private Stock
9  Records, Roadshow Records, Everest Records…" etc.[1]

10      6.     Each of the defendants, including the doe defendants, authorized or
11  ratified the acts or omissions of the other defendants as herein alleged, and did
12  so for their own financial and individual advantage or the collective advantage
13  of all defendants.

14      7.     Each of the defendants is jointly and severally liable for the
15  infringements and damages alleged herein.

16      8.     Nolan is ignorant of the true names and capacities of the
17  defendants sued herein as Does 1-20, inclusive, and therefore sues these
18  defendants by such fictitious names.  Nolan will amend this Complaint to allege
19  the true names and capacities when ascertained.  Nolan is informed and
20  believes, and on that basis alleges, that each of the fictitiously-named
21  defendants is responsible in some manner or capacity for the wrongful conduct
22  alleged herein, and that Nolan's loss as alleged herein was proximately and/or
23  directly caused by such defendants' acts.

24      9.     All of the claims for copyright infringement joined in this
25  Complaint are governed and arise from or relate to the same transaction or
26  occurrence, or series of transactions or occurrences, and one or more
27
28  [1] https://43northholdings.com/

questions(s) of law or fact are common to all the parties. In particular, Nolan alleges that Defendant has infringed his copyrights by selling and distributing Nolan's copyrighted musical works. Thus, joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against the Defendants.

## IV

## FACTS COMMON TO ALL CLAIMS

10. Nolan owns the sound recordings to many of his musical works ("Master Recordings" or "Masters"), including the Masters to "I Like Dreamin'" (certified gold) and "Love's Grown Deep," which reached number 20 on the U.S. Billboard Hot 100.

11. This case involves Defendant's unauthorized sale, distribution, and use of Nolan's musical works. Specifically, at least one of Defendant's labels, Fuel 2000, has released and profited from various albums containing Nolan's musical works, including an album entitled "Kenny Nolan's Greatest Performances."

12. Defendant's license to release Nolan's musical works expired, and it has been releasing Nolan's musical works without a license to do so. In addition, Nolan is informed and believes, and based thereon alleges, that Defendant failed to pay Nolan royalties for the sale, distribution, and/or use of his musical works during periods that it had a license to do so.

13. On November 28, 2022, Nolan demanded an accounting and he demanded proof of any license agreements permitting Defendant to sell and distribute Nolan's musical works.

14. Defendant has not provided an accounting.

15. The foregoing conduct by the Defendants constituted infringement of Nolan's exclusive rights under 17 U.S.C. §§ 106 and 501 of the Copyright Act of 1976.

16. As a direct and proximate result of Defendant's conduct, Nolan has suffered and continues to suffer actual and substantial damage in an amount to be proven at trial.

## FIRST CLAIM FOR RELIEF FOR
## COPYRIGHT INFRINGEMENT
### (Against Defendant)

17. Nolan repeats and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

18. Nolan is the owner of the Master Recordings.

19. Defendant's unauthorized reproductions, distributions, public performances, and/or digital transmissions of the musical works, as alleged above, each constitute separate infringements of Nolan's rights in and to the Master Recordings.

20. The foregoing acts of copyright infringement have been willful and intentional.

21. As a result of such copyright infringements, Nolan has suffered damages in an amount that will be proven at trial.

## SECOND CLAIM FOR RELIEF FOR
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against Defendants)

22. Nolan repeats and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

23. Nolan is the owner of the Master Recordings.

24. Defendant's activities, as alleged above, constitute contributory infringement of Nolan's rights in and to the Master Recordings in that Defendant knowingly induced, caused, materially contributed in, and profited from the unauthorized reproduction, distribution, and/or public performance of the Master Recordings.

25. The foregoing acts of copyright infringement have been willful and intentional.

26. As a result of such infringement, Nolan has suffered actual damages in an amount that will be proven at trial.

## THIRD CLAIM FOR RELIEF FOR
## VICARIOUS COPYRIGHT INFRINGEMENT – MASTER RECORDINGS
### (Against All Defendants)

27. Nolan repeats and incorporates herein by reference all of the allegations set forth above as though fully set forth herein.

28. Nolan is the owner of the Master Recordings.

29. Defendant had access to the Master Recordings due to expired licenses for the sale, distribution, and use of the Master Recordings.

30. Defendant's activities, as alleged above, constitute vicarious infringement of Nolan's rights in and to the Master Recordings in that Defendant had the right and ability to supervise the infringing conduct and because it had a direct financial interest in the infringing conduct.

31. The foregoing acts of copyright infringement have been willful and intentional.

32. As a result of such infringement, Nolan has suffered actual damages in an amount that will be proven at trial.

///

///

# PRAYER FOR RELIEF

WHEREFORE, Nolan prays for judgment as follows:

1. Pursuant to 17 U.S.C. § 502(a), Defendant, its agents, servants and employees and all parties in privity with them are enjoined permanently from directly or indirectly using Nolan's musical works or any other work derived in any way therefrom, in any manner which infringes upon the copyrights in the musical works;

2. Defendant file with the Court and serve on Nolan a report setting forth the manner and form in which compliance with said permanent injunction against infringement has been made;

3. Pursuant to 17 U.S.C. § 504(b), Defendant is required to pay to Nolan such actual damages as Nolan may have sustained in consequence of Defendant's infringement and all profits of Defendant that are attributable to the infringement of Nolan's copyrights;

4. Defendant provide Nolan an accounting for all gains, profits and advantages attributable to or derived by Defendant from its infringement;

5. Pursuant to 17 U.S.C. § 504(c), Defendant is required to pay an award of statutory damages in a sum of not less than $30,000 per infringement, should this statutory remedy be elected;

6. Defendant's infringements are found to have been willful;

7. Pursuant to 17 U.S.C. § 504(c), Defendant is required to pay an award of increased statutory damages in a sum of not less than $150,000 per infringement for willful infringement, should this statutory remedy be elected;

8. Pursuant to 17 U.S.C. § 505, Defendant is required to pay Nolan's full costs in this action and reasonable attorney's fees;

9. Defendant is equitably disgorged of wrongfully obtained profits attributable to Nolan's musical works;

///

10. Nolan be awarded such other further relief as is just and equitable.

Dated: May 3, 2023

TESSER | GROSSMAN LLP
BRANDON M. TESSER
ROBERT PAREDES

_____
ROBERT PAREDES
Attorneys for Plaintiff
KENNY NOLAN

# DEMAND FOR JURY TRIAL

Nolan hereby demands a jury trial on all claims for relief which may be tried to a jury.

Dated: May 3, 2023

TESSER | GROSSMAN LLP
BRANDON M. TESSER
ROBERT PAREDES

_____
ROBERT PAREDES
Attorneys for Plaintiff
KENNY NOLAN